**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| INTERNATIONAL TRAILER GROUP, LLC, a Texas Citizen, | § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 1:25-cv-01168 |
| SHORT GO, INC. d/b/a TWISTER TRAILER, a Kansas and Louisiana Citizen, and BOSS RANCH, LLC, a Louisiana Citizen, | § § § § § | |
| Defendants. | § § | |

## DEFENDANTS SHORT GO, INC. AND BOSS RANCH, LLC.'S MOTION TO TRANSFER VENUE FOR FORUM NON CONVENIENS

## TABLE OF CONTENTS

**Page**

FACTUAL BACKGROUND AND PROCEDURAL POSTURE.................................................. 1

ARGUMENT .................................................................................................................... 2

    I.    The § 1404(a) Factors Strongly Favor Transfer to Kansas. .................................... 2

        A.    The Private Interest Factors Mandate Transfer to Kansas. ........................ 3

        B.    The Public Interest Also Leans Heavily in Favor of Transferring to Kansas. ........................................................................................................ 6

    II.    The Parties Understood and Plaintiff Acknowledges that Kansas is the Proper Venue. ...................................................................................................... 7

CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adaptix, Inc. v. HTC Corp.*,
    937 F. Supp. 2d 867 (E.D. Tex. 2013)........................................................................5

*Core Wireless Licensing S.a.r.l. v. LG Elecs. Inc.*,
    No. 2:14-CV-911-JRG-RSP, 2015 WL 5143395 (E.D. Tex. Sept. 1, 2015)...........................5

*DataScape, Ltd. v. Dell Techs., Inc.*,
    No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019)
    (Albright, J.)................................................................................................7

*In re Genentech*,
    566 F.3d 1338 (Fed. Cir. 2009)..........................................................................5

*In re Google, L.L.C.*,
    172 F.4th 450 (5th Cir. 2026) ........................................................................2, 3

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947)......................................................................................7

*VLSI Tech. LLC v. Intel Corp.*,
    No. 6:19-CV-000254-ADA, 2019 WL 4254065 (W.D. Tex. Aug. 6, 2019)
    (Albright, J.)................................................................................................7

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ............................................................................7

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ..........................................................................5, 7

*Wet Sounds, Inc. v. Audio Formz, LLC*,
    No. A-17-CV141-LY, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017), *report
    and recommendation adopted*, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018)........................4

**Statutes**

28 U.S.C. § 1404(a) ....................................................................................1, 2, 5

**Other Authorities**

Admin. Off. of the U.S. Cts., Table C-5 (Mar. 31, 2025),
    https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fwww.u
    scourts.gov%2Fsites%2Fdefault%2Ffiles%2Fdocument%2Ffjcs_c5_0331.202
    5.xlsx&wdOrigin=BROWSELINK......................................................................6

-iii-

Fed. R. Civ. P 12(b)(6)............................................................................................................1

Fed. R. Civ. P 12(e) ..............................................................................................................1

Fed. R. Civ. 45(c)(1)(A) ........................................................................................................5

Local Rule CV-7(d) ...............................................................................................................2

Defendants Short Go, Inc. ("Short Go") and Boss Ranch, LLC ("Boss Ranch") (collectively, "Defendants") file this Motion to Transfer Venue under 28 U.S.C. § 1404(a) based on forum *non conveniens*. Defendants request that the Court transfer this lawsuit to the United States District Court for the District of Kansas, Kansas City Division[1] to avoid the unnecessary expenditure of resources. The majority of critical witnesses and business activities are located in Kansas, and the parties understood during negotiations that the "draft Asset Purchase Agreement" at issue in this case would be tied to Kansas.

### FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On July 25, 2025, Plaintiff filed a single claim for breach of contract. *See* ECF No. 1. Plaintiff asserts that this dispute arises from discussions involving a draft Asset Purchase Agreement concerning the acquisition of Short Go's Twister Trailers, whose principal place of business is located in Fort Scott, Kansas. *See, e.g., id.* at ¶¶ 12, 16, 19. On October 1, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(6) and 12(e). ECF No. 9. In early December, while the Motion to Dismiss was pending and before Defendants filed their Motion to Stay, Defendants' counsel conferred with Plaintiff's counsel to determine whether Plaintiff opposed a stay and whether Plaintiff would oppose a transfer of venue if necessary to be filed. Plaintiff's counsel indicated that Plaintiff opposed Defendants' Motion to Stay and would only agree to a Motion to Transfer if it were based on the forum selection clause included in the parties' draft Asset Purchase Agreement not agreed upon. Plaintiff indicated that they would oppose a Motion to Transfer on other Grounds. On December 8, 2025, after briefing on the Motion to Dismiss concluded, Defendants filed a Motion to Stay Proceedings pending the Court's consideration of the Motion to Dismiss. *See* ECF No. 16. In their Motion to Stay,

---

[1] Defendant ShortGo is located in Bourbon County, Kansas, which falls under the jurisdiction of the Kansas City Division. Exhibit 1, Declaration of Steven Brent Mosing at ¶¶ 5-7, 10.

Defendants noted that, if necessary, they intended to file a motion to transfer venue based on forum *non conveniens*. *Id.* at pg. 2.

On December 16, 2025, the Court granted Defendants' Motion to Stay Proceedings pending its consideration of the Motion to Dismiss. *See* ECF No. 17. The Court also ordered Defendants to file a motion based on forum *non conveniens*, if necessary, "within fourteen days of the entry of an order on Defendants' Motion to Dismiss or, in the alternative, Motion for More Definite Statement." *Quoting id.*

On May 11, 2026, the Court entered an Order denying Defendants' Motion to Dismiss. ECF No. 18. In doing so, the Court did not consider Plaintiff's Response in Opposition because it was untimely. *Id.* at pg. 9 (noting that "under the Local Rule CV-7(d), Plaintiff's response deadline was fourteen days from when the Motion to Dismiss was filed, which would have been October 15, 2025. Therefore, Plaintiff's Response in Opposition, and any attachments thereto, were not considered by the Court."). Nevertheless, the Court found that, at this stage of the proceedings, Plaintiff has pleaded sufficient facts to support the existence of a contract, including facts supporting a meeting of the minds on a specific agreement. *See id.* at 11. As a result, consistent with the Court's prior Order, Defendants were required to file a motion to transfer based on forum *non conveniens* no later than Tuesday, May 26, 2026.

## ARGUMENT

**I.    The § 1404(a) Factors Strongly Favor Transfer to Kansas.**

28 U.S.C. § 1404(a) empowers district courts to transfer certain cases "for the convenience of the parties and witnesses and in the interest of justice." *In re Google, L.L.C.*, 172 F.4th 450, 453 (5th Cir. 2026) (internal quotations and citations omitted). The moving party bears the burden of showing that transfer is appropriate. In the Fifth Circuit, courts evaluate whether transfer is

appropriate by considering eight factors that fall into two categories: private interest factors and public interest factors.

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id*. The public interest factors include: "(5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* None of these factors, standing alone, is dispositive. *Id.*

### A.    The Private Interest Factors Mandate Transfer to Kansas.

All private interest factors support transfer to a federal court in Kansas. As a preliminary matter, the first three private interest factors weigh heavily in favor of transferring to Kansas. Even on the face of Plaintiff's Complaint, this action involves "live-in" trailers referred to as "Twister Trailers" that are manufactured in Fort Scott, Kansas. *See* ECF No. 1 at ¶ 12. Plaintiff alleges that, as a result of the parties' negotiations, it not only sought to secure capital but also began planning to "operate it after the closing." *Id*. at ¶ 18. Moreover, the allegations in Paragraph 19 show that the critical aspects of the parties' discussions relate directly to Kansas, not Texas.

> 19.    Discussions between ITG and Twister Trailer (through Mosing) continued, and a preliminary purchase structure was developed that included **(1) an asset sale priced at approximately $4.268 million, including the HWY 54 Property, usable raw material inventory, tools, equipment, and machinery, and the Twister Trailer name, intellectual property, design drawings, patents, and software; (2) a three-year property lease for Twister Trailer's office property located in downtown Fort Scott, Kansas; and (3) Short Go's retention of 100% of dealer floor plan loan revenue up to $5 million for a 5-year period on products manufactured by ITG**. The total purchase price of approximately $4.268 million was to be paid with $500,000 cash at closing, with the balance seller-financed at 4% APR, $10,000 per month (later adjusted to just over $12,000 per

> month due to interest rate fluctuations) for 84 months beginning 90 days after
> closing, and a ballon payment of approximately $3.4 million due after 7 years.

*Id.* at ¶ 19 (emphasis added).  Notably, the alleged discussions "preliminary purchase structure" involved the purchase of Short Go, whose principal place of business is located at 400 N. National Avenue, Fort Scott, Kansas 66701. *See id.* at ¶ 2. The alleged discussions also involved assets located entirely in Kansas, as well as Short Go's retention of services, related discussions, and actions taken to obtain a loan for its floor plan, the vast majority of which also occurred in Kansas.[2]

To the first private factor, a Kansas venue makes access to the documents, assets, and information underlying the parties' discussions much easier related to the assertions made. These materials are central to assessing the parties' dealings, expectations, and the absence of an agreement. "[D]espite technological advances that make the physical location" of evidence less significant, district courts have determined that the "location of sources of proof remains a meaningful factor in the analysis." *Wet Sounds, Inc. v. Audio Formz, LLC*, No. A-17-CV141-LY, 2017 WL 4547916, at *2 (W.D. Tex. Oct. 11, 2017), *report and recommendation adopted*, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018). This Court is approximately 600 miles away, or between 10.5 and 11.5 hours by car, from the evidence central to the parties' negotiations. By contrast, the District of Kansas is less than 100 miles away, or approximately 1.5 hours by car, from that evidence.

Similarly, the second private interest factor, which concerns the availability of compulsory process to secure the attendance of witnesses, favors venue in Kansas. The majority of employees and individuals involved in or aware of Defendants' negotiations reside within the absolute

---

[2] Although the parties dispute whether an enforceable agreement exists, it is undisputed that the document Plaintiff claims to be the controlling agreement stated that "all suits, actions, proceedings, or disputes arising out of or relat[ing]" to any agreement, which remained under negotiation, would be litigated exclusively in a court located in Bourbon County, Kansas. *See* ECF No. 12-2, Section 14.11.

subpoena power of the District of Kansas. *See* Ex. 1 at ¶ 7. "Transfer is favored when a transferee district has absolute subpoena power over a great number of non-party witnesses." *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013) (emphasis added). The Fifth Circuit has established that a court does not possess absolute subpoena power unless it has authority to compel attendance at both depositions and trial. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). This authority extends only to individuals who reside, are employed, or regularly transact business in person within 100 miles of the court. Fed. R. Civ. 45(c)(1)(A). In addition to the complications associated with subpoenaing witnesses for depositions, requiring witnesses to attend trial from a distance of more than 600 miles, or a drive exceeding ten hours, would impose an even further substantial burden and expense on witnesses, particularly non-party witnesses, and the parties.

Likewise, the third private interest factor, which addresses the cost of attendance for willing witnesses, strongly favors transfer to Kansas. Courts recognize that "[t]he convenience of the witnesses is probably the single most important factor in a transfer analysis," especially with respect to non-party witnesses. *In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *Core Wireless Licensing S.a.r.l. v. LG Elecs. Inc.*, No. 2:14-CV-911-JRG-RSP, 2015 WL 5143395, at *5 n.6 (E.D. Tex. Sept. 1, 2015). The Fifth Circuit further explains that "[a]dditional distance means additional travel time; additional travel time increases the time in which these fact witnesses must be away from their regular employment." *Volkswagen*, 545 F.3d at 317. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.*

Here, the vast majority of Defendants' witnesses reside in Kansas. Ex. 1 at ¶ 7. Although the District of Kansas is within 100 miles of these witnesses, requiring this Court to proceed with the case would force most necessary witnesses to travel approximately 600 miles and more than 20 hours round trip. Imposing such travel burdens and inconvenience on witnesses is precisely why courts afford substantial weight to the issue of witness convenience when determining whether transfer is appropriate.

Finally, the fourth private interest factor, which considers other practical problems that could make trial less expeditious or more expensive, is neutral at this stage given the early posture of this case. Defendants anticipate that, as the case proceeds, they may assert counterclaims related to Plaintiff's conduct. If Defendants choose to assert such counterclaims, those claims will certainly involve decisions directly related to ShortGo and likely introduce additional practical complications.

**B.      The Public Interest Also Leans Heavily in Favor of Transferring to Kansas.**

The public interest also favors transferring this case to Kansas. Although Defendants cannot presently determine the administrative difficulties flowing from court congestion when comparing this Court and the District of Kansas, and although the Fifth Circuit has recognized this factor as "the most speculative," available 2025 data still favors transfer. According to the Administrative Office of the U.S. Courts, currently before the United States District Court for the Western District of Texas is 3,422 cases that take a median of 7.6 months to resolve. *See* Admin. Off. of the U.S. See Admin. Office of the U.S. Courts, Federal Judicial Caseload Statistics tbl.C-5 (Mar. 31, 2025), https://www.uscourts.gov/sites/default/files/document/fjcs_c5_0331.2025.xlsx . By comparison, the District of Kansas had 925 pending cases and resolved those cases in a median time of 7 months. *Id.*

Even more clear, the community in the District of Kansas has a substantial interest in the outcome of this case. The Fifth Circuit has explained that this factor relates to the burdens of jury service, and that those burdens "'ought not to be imposed upon the people of a community which has no relation to the litigation.'" *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

Here, the District of Kansas has a clear and substantial interest in this case because the property, information, and business at issue involve Kansas. By comparison, the only connection to the Western District of Texas is that Plaintiff resides in the district. As a consequence, "[j]ury duty is a burden that ought not to be imposed upon the people of a community" such as the Western District of Texas, "which has no relation to the litigation." *In re Volkswagen AG*, 371 F.3d at 206.

As to the familiarity of the forum with the law that governs this case, both courts are capable of applying Kansas law. However, a federal court in Kansas more commonly deals with Kansas law and its breach of contract standards. With respect to conflicts of law, it does not appear at this stage that either court will face significant issues.

## II.     The Parties Understood and Plaintiff Acknowledges that Kansas is the Proper Venue.

Although the parties did not enter into an enforceable agreement, neither party disputes that Kansas law would govern all negotiations, applicable law, and venue. "A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue." *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, 2019 WL 4254065, at *12 (W.D. Tex. Aug. 6, 2019) (Albright, J.) (citing *Volkswagen*, 545 F.3d at 314 n.10, 315).

Where an action could have been brought and the transferee venue is "clearly more convenient," a motion to transfer should be granted. *DataScape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019) (Albright, J.). Here, the

underlying substance of the parties' dispute arises from discussions concerning ShortGo's property and the manufacturing of Twister Trailers in Kansas. Given that the vast majority of the relevant events and evidence are centered in Kansas, it is clearly the more convenient venue. For these reasons, and those set forth above, the Court should grant the motion and transfer this case

**CONCLUSION**

Accordingly, the factors, taken as a whole, weigh strongly in favor of transferring this case to the United States District Court for the District of Kansas. None of the factors weighs in favor of keeping the case before this Court. As a result, Defendants respectfully request that the Court transfer this case to the United States District Court for the District of Kansas.

DATED:  May 26, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Jesse M. Coleman*
    Jesse M. Coleman
    Texas Bar No. 24072044
    jmcoleman@seyfarth.com
    SEYFARTH SHAW LLP
    700 Milam Street, Suite 1400
    Houston, Texas 77002-2812
    Telephone: (713) 225-2300
    Facsimile:  (713) 225-2340

    Mitchell A. Robinson*
    mrobinson@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, GA  30309
    Telephone: (404) 885-1500
    Facsimile:  (404) 856-7092
    **Pro Hac Vice* forthcoming

*Counsel for Defendants*
*Short Go, Inc. and Boss Ranch, LLC*

-8-

-10-

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 26, 2026, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court via the Court's CM/ECF system, which will electronically serve notice of same upon all counsel of record.

*/s/ Jesse M. Coleman*
Jesse M. Coleman

-10-

325983226v.3